IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSE ORTIZ RODRIGUEZ,

    Plaintiff,

v.                                                        CASE NO. 1:10-cv-00143-MP-GRJ

FLORIDA DEPARTMENT OF
CORRECTIONS, et al
    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter was transferred from the Southern District of Florida on July 27, 2010. Plaintiff claims that the Florida Department of Corrections is serving excessive amounts of soy protein causing health issues for the Plaintiff. (Doc. 1.) Plaintiff was directed to file an amended complaint using the standard complaint forms, as required by N.D. Fla. Loc. R. 5.1(J), and advised that he must either pay the full filing fee or file a motion for leave to proceed *in forma pauperis* and provide inmate account information. (Doc. 11.) Plaintiff was warned that if he failed to comply with the Order on or before August 13, 2010, it would be recommended that his case be dismissed. (Doc. 11.) Because Plaintiff failed to file an amended complaint and failed to provide the required financial information by the August 13, 2010 deadline the Court entered a show cause order on October 18, 2010 directing Plaintiff to show cause by November 5, 2010 why this case should not be dismissed for failure to prosecute. (Doc. 13.) The docket reflects that Plaintiff has failed to file a response to the show cause order, has failed to file an amended complaint and has failed to file the required financial information.

A trial court has inherent power to dismiss a case *sua sponte* for failure to

prosecute. <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>Eades v. Alabama Dept. of Human Resources</u>, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such failure may result in dismissal). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.

Plaintiff has failed to comply with two Orders of this Court directing that he file an amended complaint and provide financial information. (docs. 11 and 13.) Plaintiff was advised that failure to comply with the Court's Orders would result in a recommendation that his case be dismissed. And since this case was transferred to this Court on July 26, 2010 the Plaintiff has not filed anything further thus evidencing that Plaintiff has no interest in advancing this case.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

At Gainesville, Florida, this 28th day of March, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**